## McCONNELL v. JONES and Others.

Action on a note for one thousand dollars. *Answer:* That the note was executed in part performance of the following contract: "I have this day sold to B. and H., four thousand fleeces of wool, more or less, at forty-nine cents a pound; wool to be washed on the sheep, to be put up in good merchantable order, free from tags, to be delivered in *Springfield*, at the depot of the *Great Western Railroad*, on the 20th of July, 1857. Received on the

McConnell *v.* Jones and Others.

above contract one hundred and seventy-five dollars. Balance to be paid in cash on the delivery of the wool, except one thousand dollars, for which a note, payable at ninety days, is to be given;" and that there was a breach of the contract by the plaintiff, in his failure to deliver wool answering to the terms of the contract, and relying upon the contract *as a warranty.*

*Held,* that the contract did not contain a warranty, but an executory agreement to deliver washed wool, but that, if the wool had been present and delivered at the time of the execution of the contract, it would have amounted to a warranty that the wool delivered was of the quality specified in the contract.

APPEAL from the *Tippecanoe* Circuit Court.

PERKINS, J.—This was an action brought by *McConnell,* on a one thousand dollar note, made by the defendant, on July 31st, 1857, payable sixty days after date. The defense appears in two paragraphs of the answer. In the first paragraph, it is alleged, that in June, 1857, the plaintiff executed the following written contract to *Howard* and one *Bailey :*

"I have this day sold to *Bailey & Howard,* four thousand fleeces of wool, more or less, at forty-nine cents a pound. Wool to be washed on the sheep, to be put up in good merchantable order, free from tags, to be delivered in *Springfield,* at the depot of the *Great Western Railroad,* on the 20th of July, 1857. Received on the above contract one hundred and seventy-five dollars. Balance to be paid, in cash, on delivery of the wool, except one thousand dollars, for which a note, payable at ninety days, is to be given."

That, under the contract, the wool was delivered, and the note sued on, given; that thirteen thousand pounds of the wool were dirty, and unmerchantable as washed wool, and, hence, worth two thousand dollars less than if they had been in the condition specified in said contract. This diminution of value is pleaded *in bar* of a recovery on the note. It is alleged, that the wool was delivered in sacks, and was not examined.

In the second paragraph, the defendant relies on the recited contract *as a warranty*, and charges a breach, arising from the dirty and unmerchantable condition of the wool, with resulting damages, exceeding the amount due on the note.

The plaintiff replies in two paragraphs, each being a reply to both paragraphs of the answer; the last, however, a mere *general denial.* The first, presenting the particulars of the appellant's case, reads as follows:

"For reply to the first and second paragraphs of said defendant's amended answer, said plaintiff saith, that he admits the execution of said contract, and the consideration of said note, as charged in said paragraphs. But he saith that said defendant, *Howard,* was personally present at the delivery of said wool, and examined a part, and had an opportunity to examine all of it, at the time; that he made no exceptions, then, to said wool, but expressed himself well satisfied with its quality and condition; that said plaintiff had no reason to apprehend, or believe, that said wool did not conform to the requirements of said contract; but, on the contrary, was led to conclude that said defendant received it as fully answering the stipulated conditions; that, after receiving the same, the said defendant removed it from the State of *Illinois*, (where it had been contracted for and delivered, and where this plaintiff has always resided,) and long afterward, viz., six months afterward, put it into the general market and sold it to buyers unknown, without having, at any time, or in any wise, given this plaintiff previous notice of said alleged defects and blemishes in said wool; that, in consequence of said disposal, said wool then passed beyond the further knowledge and control of said plaintiff or defendants, and became impossible of being again identified; wherefore plaintiff saith said defendants are not entitled to the relief prayed for, etc."

To this reply the defendants demurred, and their demur-

rer was sustained. This left the cause at issue upon the general denial of the two paragraphs of the answer. There was a trial by jury; verdict, and judgment for defendants.

The evidence shows, that the plaintiff was a farmer, in *Illinois*, and had in the neighborhood of three thousand sheep; that some relatives of his had about one thousand more; that this was known to the defendant, *Howard*, and that the fleeces of wool mentioned in the contract, were the fleeces upon the sheep above mentioned; that the defendant, *Howard*, was present at the washing of the sheep of the plaintiff; saw the manner of washing, and as many of the sheep washed as he chose to, and expressed no dissatisfaction; that he was present, also, at the shearing, and examined as many of the fleeces taken off, and as thoroughly, as he wished to, and expressed no dissatisfaction; that he was present, again, after the shearing was done, and the wool in a room ready to be sacked, and where it was sacked, and looked over it, and expressed no dissatisfaction; that he was present at the time and place of delivery, made such examination as he pleased, though he did not open the sacks, and expressed no dissatisfaction. As to the wool from the sheep of the plaintiff's relatives, the plaintiff told defendant, *Howard*, who received it at the depot, at *Springfield*, that he could examine it there, and if it was not in good condition, he could settle with them; he could make a reduction there; that *Howard* examined, to the extent of inspecting it, where it presented itself at openings in the sacks; received the wool, without expressing any dissatisfaction, and, within the next six months, shipped it to *Lafayette, Indiana, Cincinnati, Ohio,* and *Philadelphia, Pennsylvania,* where it was sold in the general market. He gave no notice to the plaintiff of any defects in the wool, in time for him to have an examination of it, nor was there ever an offer to return it. There is no evidence of any intention of fraud on the part of the plaintiff.

There is no evidence tending to show that the wool was not well put up in sacks; was of a quality different from the expectation of the defendants; that there was any deficiency in weight; that there were any tags in it; and there is evidence showing that the wool was washed on the sheep; but the evidence also tends to show, that it either was not washed clean, or had been so carelessly handled, afterward, as to become dirty.

The Court instructed the jury as follows:

" 1. If you believe, from the evidence, that the contract, set out in the answer, was made as alleged, that contract amounts to a warranty that the wool in question should be washed on the sheep, and be put up in good merchantable order, free from tags.

" 2. It is for you to say, from the evidence, whether there has been a breach of this warranty, and, if so, the amount of damage sustained on account of such breach.

" 3. The proper measure of damages, in this case, is the difference between the price of wool, washed on the sheep, and put up in good merchantable order, free from tags, and the value of the wool delivered, at the time and place of such delivery.

" 4. The defendants, in this action, can claim the benefit of all such damages, on the entire lot of wool covered by the warranty.

" 5. If the jury find that the note sued on was given in part payment of wool sold by the plaintiff, under the warranty set up in the answer in this case, and that before and at its delivery, the defendant, *Howard*, who purchased said wool, examined a part of it, and had an opportunity of examining the balance, and received all said wool without making any objections, but expressing himself satisfied with it, and afterward shipped it into another State, and put it into the general market, and sold it to unknown buyers, without giving any previous notice of any defects in the

wool, to the plaintiff, the jury can consider these facts as furnishing a presumption that the wool complied with the warranty, subject, however, to be rebutted by other evidence.

" 6. If the jury find there was a breach of warranty in this case, as alleged in the defendant's answer, they will estimate the damages according to the bad condition of the wool at the time it was delivered by the plaintiff, and not take into account such defects and blemishes as the wool acquired after delivery.

" 7. This being a civil suit, the jury will find on the weight of evidence.

" 8. The burden of evidence being with the defendants, you must, before you can find for them, be satisfied that the preponderance of testimony is with them."

To the giving of the fourth of which aforesaid instructions, said plaintiff, by his attorney, then and there excepted.

According to the case of *Ricketts* v. *Hoyt*, 13 Ind. 181, the contract for the sale of the wool did not contain a warranty, proper, but an agreement to deliver washed wool. If the wool sold had been present, and been delivered at the time of the execution of the written instrument, it would have amounted to a warranty that the wool delivered was of the character specified. The instrument would then have been given upon an executed contract, and at the time of its execution. So, perhaps, if the identical wool sold had been present, though to be delivered, in its then condition, at a future day. But, as it was given for wool, to be prepared and delivered at a future time, it amounted but to an agreement to deliver, at such future time, wool of a given character; was but an executory agreement; and a failure to deliver such wool worked, not a breach of warranty of a thing sold, but a simple breach of contract for the delivery of a given kind of article; and it seems that, in the subsequent execution of such executory contract, if the party purchasing accepts the article delivered, in execution, after

examining it, or, with full opportunity to examine, though the opportunity is voluntarily, and without any understanding with the other party, unimproved, he estops himself to deny that the article filled the requirements of the contract.

In such executory contract, the title does not, as a general proposition, pass, at the signing of the contract, to any specific article.

In view of what has been said, it would seem that the Court erred in sustaining the demurrer to the plaintiff's reply to the answer. Enough could be proven, under that reply, to maintain the suit; and if it was not sufficiently certain, it should have been made so, through a motion. Indeed, its allegations, just as they stand, avoid the answer. They affirm, that he was present at the delivery of the wool, that he actually examined a part of it, and had the opportunity to examine it all, etc., and expressed himself satisfied, etc. These allegations, within themselves, include the averment, that the wool was in such a condition that it could be examined; and an issue upon them would have brought up that fact on the trial. Exceptions were not taken upon which the judgment could be reversed on other grounds.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for another trial.

*Orth* and *Stein*, for the appellant.

*Huff* and *Jones*, for the appellees.