HENRY BECKMAN v. BIRCHARD, BRIDGE & COMPANY.

FILED JUNE 3, 1896.    No. 6606.

1. **Accord and Satisfaction**: ACCEPTANCE OF MONEY: ESTOPPEL. A creditor who accepts money tendered by the debtor unconditionally does not by that act estop himself from maintaining an action to recover any further sum that may be due. *Treat v. Price*, 47 Neb., 875, distinguished.

2. ———: EVIDENCE. Evidence examined, and *held* sufficient to sustain the verdict.

ERROR from the district court of Antelope county. Tried below before ALLEN, J.

*O. A. Williams*, for plaintiff in error.

*Powers & Hays, contra.*

IRVINE, C.

Birchard, Bridge & Co. sold to Henry Beckman certain wheat in the possession of the former at Norfolk, estimated at from eight to ten thousand bushels, at seventy-one and three-fourths cents per bushel, the wheat to be delivered on board cars at Norfolk, Beckman being engaged in the milling business at Neligh. This action was brought by Birchard, Bridge & Co. against Beckman to recover a portion of the purchase price. The controversy primarily relates to the amount of wheat delivered, Beckman claiming that he has paid in full for all delivered to him and Birchard, Bridge & Co. claiming that a greater amount was delivered than Beckman concedes. The trial resulted in a verdict for the plaintiffs

for $265.30. The defendant brings the case here, contending for a reversal upon one ground only, to-wit, that the verdict was not sustained by the evidence.

The contract between the parties contained no provision whatever for ascertaining the amount of the grain. After six cars had been delivered, a controversy having arisen as to the amount of their contents, Mr. Birchard visited Mr. Beckman's agent at Neligh and had some negotiations in regard to the matter. The plaintiffs contend that no adjustment was made of the existing dispute, while the defendant contends that it was then agreed that the wheat already delivered should be paid for by defendant according to the result of his own weighing. On this point the evidence is conflicting. In order to avoid future disputes it was, however, then agreed that the amount of the remaining wheat should be determined by the weight given by the railroad company. This attempt to provide a certain basis for the remainder of the transaction was unfortunately frustrated by the fact that for three of the remaining cars the railroad company gave different weights. As to these cars the bill of lading in each instance gave a greater weight than that given by the freight bill delivered to Beckman. The plaintiffs then insisted that the weight was to be determined by that reported on the bill of lading, while the defendant insisted that the freight bill was to govern. The evidence was again conflicting as to which of these weights the conference at Neligh determined should govern the transaction. The conflict of the evidence upon these two points, as well as the conflict as to the actual weight of the grain, is such that the verdict cannot be disturbed. There was sufficient evidence to sustain the plaintiffs' contention on both points. The suit was begun at a time when, according to defendant's own theory, he owed the plaintiffs $1,694.68. He employed Mr. O'Day, a lawyer of Neligh, to go to Norfolk to make a settlement. Mr. O'Day there tendered to the plaintiffs $1,694.68. This was accepted by the plaintiffs, and defendant now

Lincoln Street R. Co. v. Cox.

claims that their acceptance of the money operated a payment or an accord and satisfaction. Here, again, the evidence is conflicting as to the circumstances. Viewed in one light, it presents a case very much like that of *Treat v. Price*, 47 Neb., 875; but according to some of the witnesses the money was neither tendered nor accepted in satisfaction of the entire debt. It was tendered absolutely and unconditionally, and so accepted merely as a payment on account. The jury was justified by the evidence in accepting the latter theory of the facts. It is argued that even in that light the transaction amounted in law to an accord and satisfaction. This is not true. The very purpose of requiring a tender, in order to be available as such, to be unconditional, is that it shall not raise any implication that the debtor intended to cut off a claim beyond the sum tendered. In order to make the tender available it must be on such terms that the creditor may receive it without compromising his rights to recover more. (*Tompkins v. Batie*, 11 Neb., 147.) If the plaintiffs had refused to accept the money they would have been entitled to judgment therefor, but without interest after the time of the tender. Having accepted it they were still at liberty to prosecute the action for the purpose of recovering any further sum that might be due.

JUDGMENT AFFIRMED.