(26 Misc. Rep. 772.)

KRUGER v. GEER.

(Supreme Court, Appellate Term. March 24, 1899.)

ACCORD AND SATISFACTION.

> On collection by an attorney of a certain amount, he wrote to plaintiff a letter: "Inclosed you will find a statement of account, my receipted bill for professional services since our last settlement, and a check for $166.86, being the balance due you." On receipt thereof, plaintiff claimed of defendant the entire amount of the collection, insisting that he had been paid in full. *Held*, that the fact that plaintiff retained the check and the receipted statement, where the check contained no condition that it should be received in full payment, is insufficient to show an accord and satisfaction.

Appeal from municipal court, borough of Manhattan, Sixth district.

Action by Julius W. Kruger against Edward Winslow Geer. From a judgment based on the verdict of a jury, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Howard A. Sperry, for appellant.
Bernard J. Isecke, for respondent.

LEVENTRITT, J. The sole question involved in this appeal is whether the acceptance of a check by the plaintiff was an accord and satisfaction of the claim in dispute. The defendant, as attorney for the plaintiff, collected a judgment, which, exclusive of the costs to which the defendant was admittedly entitled, amounted to $372.62. He sent to the plaintiff $166.86, retaining the balance for services rendered, as he claims, in other matters. The money was remitted to the plaintiff by defendant's check, and accompanying it was a receipted statement and a letter. The only material portion of the letter is the first paragraph, in which the defendant writes: "Inclosed you will find a statement of account, my receipted bill for professional services since our last settlement, and a check for $166.86, being the balance due you." It does not appear that the check bore any declaration, or even indication, that it was intended in full settlement. Promptly upon receipt of letter and check, the plaintiff called upon the defendant. There is a marked conflict between them as to what occurred at the interview then had. The plaintiff emphatically claimed the entire amount, $372.82; insisting that the defendant had been paid in full, and had no right to retain any portion of the money collected. The plausibility of his version of that interview is borne out by a paper signed by the defendant a few months prior to the delivery of the check, in which the defendant obligated himself, among other things, to pay to the plaintiff, forthwith upon receipt, the money in dispute, against which he therein declared that he had not and would not assert any lien. The defendant, on the other hand, maintains that at that interview he offered the plaintiff the alternative of returning the check, or retaining it in full settlement, and that the plaintiff elected to retain it, thus determining the unliquidated amount due the defendant for the professional services enumerated in the receipted statement. If the defendant's story be accepted, a valid accord and satisfaction would be established. The plaintiff, however, denies both the offer by the defendant and the acceptance by him of any alternative. The jury, on submission, solved that conflict favorably to the plaintiff. The verdict of the jury places before us the story of the plaintiff as the one to be tested according to the legal principles applicable to the defense of accord and satisfaction. The essential elements of that defense are a new agreement, and its performance. There must be an executed contract, founded upon a new consideration. Nassoiy v. Tomlinson, 148 N. Y. 326, 331, 42 N. E. 715. The accord which is the substitution for the old contract must be either an express agreement, or implied from the acts of the acceptor of the tender or payment. Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034; Lestienne v. Ernst, 5 App. Div. 373, 39 N. Y. Supp. 199. In the case at bar there was an express disavowal of any agreement or assent on the part of the plaintiff, and, unless an implied agreement can be inferred from the conceded facts, there was no accord. The only fact from which such an inference could be drawn is the retention by the plaintiff of the receipted statement, and

of a check which was not coupled with any condition that it should be received in full payment. That isolated fact is insufficient to meet the requirements of an accord, and, in connection with the surrounding circumstances, strips the defense of all merit.

The judgment must therefore be affirmed.

Judgment affirmed, with costs to the respondent. All concur.

