T. W. HARRISON v. HARVEY HENDERSON, *as Administrator, etc.*

No. 12,988.    (72 Pac. 875.)

SYLLABUS BY THE COURT.

1. ACCORD AND SATISFACTION—*Definition.* An accord and satisfaction is the adjustment of a disagreement as to what is due from one party to another and the payment of the agreed amount.

2. ———— *"Balance" not Conclusive.* The mere payment by a debtor of an amount denominated a "balance" upon an account rendered and its retention by the creditor do not constitute an accord and satisfaction.

3. ———— *Requisites Stated.* To constitute such payment an ac-

cord and satisfaction, it must be offered as full satisfaction of a claim, and accompanied by such declarations, or under such circumstances, as would amount to a condition that, if accepted by the creditor, it would be in full satisfaction of the debt.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed June 6, 1903. Affirmed.

### STATEMENT.

HENDERSON was a resident of Pittsburg, Pa., and was appointed administrator of the estate of Samantha Johnson, deceased, by the court there. As such administrator he had for collection two notes secured by mortgages in Topeka. He employed Harrison, who is an attorney residing in Topeka, for the purpose of collecting these notes by foreclosure. The account growing out of that relationship continued from May, 1894, until March, 1898, during which time the administrator remitted various sums of money to apply on fees and expenses, and Harrison made collections, so that, all together, there came to the latter's hands $1210. He expended various sums in payment of taxes, etc., and on March 10, 1898, made a statement to Henderson of the account embracing these expenditures and charges for attorney's fees, in the total sum, as then claimed by him, of $739.20, and on that date, as shown by this account; struck a balance of $470.30 and remitted the same by draft. This draft was drawn to Harrison's order and indorsed by him: "Pay Harvey Henderson, administrator estate of Samantha Johnson, dec'd, bal." He sent it to Henderson accompanied by a letter in which he said: "I enclose you statement in the Samantha Johnson estate matters and draft on N. Y. for balance of $470.30 on that matter." This draft Henderson collected, but, refusing to consider it as a payment in full, in September, 1899, he brought this action on an ac-

count for moneys had and received, giving therein credit for the expenditures, $125 as attorney's fees, and the amount of the remittance, and prayed judgment for a balance of $366. Harrison answered, setting up the facts relative to the remittance as hereinbefore mentioned, and pleaded the same as an accord and satisfaction. Plaintiff replied, admitting the receipt of the statement, but denied the correctness of the account as pleaded by the defendant. The matter was referred by consent to the Honorable J. D. McFarland to report on the facts and the law. Upon the hearing before the referee the entire matter as to the correctness of the charges made by the defendant Harrison for his services as attorney was gone into and evidence heard. The referee reported that the charges made by Harrison were excessive, and that he owed to the plaintiff the sum of $235, with interest from September 9, 1898, and, as a conclusion of law, he found:

"The retention and collection of the draft for $470.30 sent by the defendant to the plaintiff March 10, 1898, together with the letter and statement therewith, were not, under the facts of this case, an accord and satisfaction, or settlement of the matters between plaintiff and defendant mentioned in said statement, and do. not bar the plaintiff from recovering any sum that otherwise would be due him on account of said matters."

This report of the referee was confirmed by the district court over the objections of the defendant and judgment rendered thereon. Harrison is now here seeking a reversal of the same.

*T. W. Harrison*, *Welch & Welch*, and *D. T. Gregg*, for plaintiff in error.

*A. F. Williams*, and *Eugene Hagan*, for defendant in error.

Harrison v. Henderson.

The opinion of the court was delivered by

CUNNINGHAM, J.: There are two questions raised by the plaintiff in error.   The first is on the facts, it being claimed that the report of the referee and judgment of the district court are not binding upon this court; that, as all of the evidence introduced before the referee is in the record here, we may look into it as though we were trying the case *de novo*, and that upon doing so we will come to a conclusion different from that of the referee and trial court.   Granting that the findings of the referee and their approval by the district court are not binding here, we have looked into the evidence enough to enable us to conclude that the findings are fully warranted thereby, and are such as meet with our approval.

The main contention in the case is that there was an accord upon, and a satisfaction of, the demands arising between the parties in this case; that inasmuch as the account submitted on the 10th day of March, 1898, struck what was denominated therein as a "balance," and as the indorsement upon the draft indicated that it was for such "balance," and as the letter accompanying the same contained the suggestion that a "balance" was therein remitted, as a matter of law Henderson could not accept such draft under these circumstances and afterward claim a further payment. An accord is an agreement, an adjustment, a settlement of former difficulties, and presupposes a difference, a disagreement, as to what is right.   A satisfaction, in its legal significance in this connection, is a performance of the terms of the accord; if such terms require a payment of a sum of money, then that such payment has been made.

In this case there is no evidence of any disagreement

between the parties prior to the sending of the account and remittance accompanying it. Plaintiff in error contends, however, that because such remittance was denominated a "balance" its acceptance constituted an accord and satisfaction, and cites a number of authorities where courts have held that a remittance made as a "balance" and the acceptance of the same amounted to an accord and satisfaction. These cases have all been carefully examined and in every one there appears to have been a prior disagreement, a contention as to what amount was due, so that a remittance, being dominated a "balance," carried with it to the creditor, as a fair conclusion, that it was intended by the debtor to be in full of all demands. Without the requirement being made by the debtor that if the creditor accepts and retains the proffered amount he must do so in full satisfaction of his demand, or without accompanying and surrounding circumstances fairly indicating that such was the purpose and object of the debtor in making the remittance, a creditor cannot be said so to have accepted a payment. To constitute an accord and satisfaction in law, dependent upon the offer of the payment of money, it is necessary that the money be offered in full satisfaction of the demand or claim of the creditor, and be accompanied by such acts or declarations as amount to a condition that if the money be accepted it is to be in full satisfaction, and be of such character that the creditor is bound so to understand such offer. In *Kingsville Preserving Co. v. Frank*, 87 Ill. App. 586, it was held:

"To constitute an accord and satisfaction of a claim unliquidated and in dispute, it is necessary that the money should be offered in satisfaction of the claim, and the offer accompanied with such acts and declarations as amount to a condition that if the money is accepted it is to be in satisfaction, and such that the

party to whom it is offered is bound to understand therefrom that if he takes it he takes it subject to such condition."

In *Pottlitzer et al. v. Wesson et al.*, 8 Ind. App. 472, 35 N. E. 1030, a debtor sent his check in payment of an account. It was held that this did not necessarily imply that if the creditor accepted the check he must have understood that his accepting it was in full of his claim ; hence there was no accord and satisfaction thereby shown. In *Perkins v. Headley*, 49 Mo. App. 556, it was held :

"Where a controversy as to the amount of the indebtedness exists between a creditor and his debtor, and the debtor tenders to the creditor the amount which he claims is due on condition that the acceptance of it should discharge the entire demand, the acceptance will constitute an accord and satisfaction as a matter of law, since one who accepts a conditional tender assents to the condition."

But it was held in this case :

"The mere fact that the plaintiff received from defendants less than the amount of his claim in silence, and with knowledge that defendants claimed to be indebted to him only to the extent of the payment made, did not conclusively and as matter of law establish an accord and satisfaction."

In *Beckman v. Birchard*, 48 Neb. 805, 67 N. W. 784, where a payment of money was made as a balance due and the claim made that this was an accord and satisfaction, it was held : "A creditor who accepts money tendered by the debtor unconditionally does not by that act estop himself from maintaining an action to recover any further sum that may be due." In *Kruger v. Greer*, 56 N. Y. Supp. 1015, an attorney wrote to his client : "Enclosed you will find a statement of account, my receipted bill for profes-

sional services since our last settlement, and a check for $166.86, being the balance due you." No other indication being found that this was intended as full settlement, the court held: "The fact that plaintiff retained the check and the receipted statement, where the check contained no condition that it should be received in full payment, is insufficient to show an accord and satisfaction." It was ruled in *Brigham v. Dana*, 29 Vt. 1:

"A sum of money paid and received will not operate as a full settlement although the payer so intended it, and would not have paid it if he had not understood that such would be its effect, but in reference to which he made no such express condition, if the payee did not so understand it, and would not have received it upon such an understanding." (See, also, 1 Cyc. 332.)

An accord and satisfaction is the result of an agreement between the parties, and, like all other agreements, must be consummated by a meeting of the minds of the parties, accompanied by a sufficient consideration. If the creditor is to be held to abate his claim against the debtor, it must be shown that he understood that he was doing so when he received the claimed consideration therefor. A simple tender of a "balance" as shown by an account tendered by the debtor does not carry with it an implication or conclusion that by such tender the debtor paid, or that the creditor agreed to receive, the same in full of the amount due, where there has been no prior disagreement or discussion as to what was actually due. Surely it cannot be claimed that such was the condition in the case at bar. It was shown in the evidence that the administrator had no knowledge of fees properly chargeable by attorneys in this state for services rendered, or that he even knew of the character

and extent of the services which had been rendered. The sender of the check did not require its acceptance in full of all demands upon him as a condition precedent to its acceptance. . The circumstances better warrant the conclusion that the sender was saying: "'In my judgment these fees charged are correct, and a proper remuneration for the services which I have rendered, and, in accordance with this view, the amount sent you is the balance that is due. If, however, after you have investigated you do not so conclude, we will hereafter have an adjustment of any difference that may then arise"; rather than: "I will give you no opportunity whatever to inquire as to the correctness of the charges I have made, and if you accept the draft it must foreclose all question." The former view is most just to the plaintiff in error, and it is the position that an honorable and fair-minded attorney would take. Under our statute he at best was only entitled to a lien upon the moneys which had come into his hands by virtue of his employment, to secure his properly charged fees. It was his duty to remit at once all such moneys less only such properly charged fees, if, indeed, we may make this concession. He could not be permitted to charge extortionate fees, remit the "balance" as per his conclusion, and estop his client thereby.

We are fully persuaded that in this case there was no accord and satisfaction, and that the defendant in error is entitled to recover the amount found due by the referee. The judgment of the district court will be affirmed.

All the Justices concurring.