[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 442 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 444 
It is not denied that if the plaintiffs had agreed to accept the money and the note against a third person absolutely in satisfaction of the debt, although the sum was less than the debt, the acceptance would have had the same effect as the acceptance of a horse or other chattel by the plaintiffs from the defendant would have had upon an agreement that the same should be taken as a satisfaction of the debt; and there can be no doubt that the acceptance of such a thing, in pursuance of such an agreement, would operate as a satisfaction of the whole debt, although it was of a less value than the amount of the debt. The ground for the recovery assumed by the plaintiffs, is, that the acceptance of the money and note did not operate as a satisfaction of their debt, at the time of the payment of the money and delivery of the note, but was to depend upon the performance of the condition upon which the note was received, namely: to pay it at maturity — that the note not being paid at maturity, the contract was broken, and the plaintiffs' debt became unaffected, otherwise than by a reduction in amount by the sums received, which could only be applied by way of a set-off.
Conceding that the plaintiffs had, at the time the note became payable, a right to avail themselves of the non payment of it, and recover the whole sum due to them, after applying the moneys received as a set-off, I think it is a sufficient answer to say that they did not insist upon that right, but afterwards received the payment of the note and thereby dispensed with the strict performance of the condition. The plaintiffs had no right or interest in the note, or right to receive the money upon it except what they acquired by its receipt to operate in the event of payment as a satisfaction of the plaintiffs' debt. By non-payment at maturity the plaintiffs debt remained unaffected by the agreement to compromise it, if they elected so to consider it; but they had right to dispense with payment at the time fixed upon and to receive it afterwards; and if they did, payment *Page 446 
subsequently made with their consent would have the same effect as though made at the precise time agreed upon that it should be made.
It is a sound maxim that any one may, at his pleasure, renounce the benefit of a stipulation or other right introduced entirely in his own favor. (Broom's Maxims, 310.) A familiar instance of the application of this maxim occurs in connection with the law of bills of exchange. The general rule is, when a bill has been indorsed and the holder intends to sue any of the indorsers, it is incumbent on him first to demand payment from the acceptor on the day when the bill becomes due, and, in case of refusal, to give due notice thereof within a reasonable time to the indorser. The reason is that his undertaking to pay the bill is not an absolute but a conditional undertaking, that is, in the event of a demand made on the acceptor (who is primarily liable) at the time when the bill becomes due, and notice given of refusal on his part or neglect to pay. As, however, the rule requiring demand and notice is introduced for the benefit of the party to whom such notice must be given, it may, in accordance with this maxim, be waived or dispensed with by that party. (1 Selwin,N.P., 10 ed., 358; Burgh v. Legge, 5 Meeson Welsby,
418; Coddington v. Davis, 3 Denio, 16, affirmed on appeal
1 Comst., 186.)
And so a party may renounce a constitutional provision made for his own benefit. (Baker v. Braman, 6 Hill, 47; Embury v.Conner, 3 Comst., 511.)
The judgment of the supreme court should be affirmed.
RUGGLES, Ch. J., and JOHNSON, J., expressed no opinion; all the other judges concurring,
Judgment awarding a new trial affirmed. *Page 447