IN THE MATTER OF WIDENING HAND STREET IN THE CITY
OF ROCHESTER.

*Constitutional law — eminent domain — validity of a statute authorizing the courts*
*to increase or diminish the award of damages made by the commissioners —*
*estoppel.*

The provisions of the Constitution of the State of New York as to the mode and
manner of compensation to be paid for private property, when taken for public
use, are for the sole benefit of the owner

It is not a valid ground of objection, on the part of a municipal corporation
initiating proceedings under a statute, the provisions of which authorize the
court, on an appeal from the decision of the commissioners, to increase or
diminish the award made by the commissioners to the landowners, that the exer-
cise of such authority by the court is in violation of the constitutional provision.

A municipal corporation, by seeking the benefits and privileges conferred upon
it by the statute, waives the objection that the same is void and inoperative
because in violation of the provisions of the Constitution.

APPEAL by the city of Rochester from an order of the Monroe
Special Term, by which the sum awarded by the commissioners to
George S. Riley was increased from one dollar to $1,800. On a
previous hearing the order was affirmed. For a further statement
of facts see the case as reported in 52 Hun, 206. A reargument
was ordered on the appellant's application.

*Quincy Van Voorhees*, for the appellant.

*George Yeomans*, for the respondent George S. Riley.

BARKER, P. J.:

A reargument was ordered in this case that the appellant might
have an opportunity to present a question which had not been before
raised in these proceedings by either party. We the more readily
allowed a reargument as the decision of this court is final and con-
clusive on the parties as to the question of damages.\

It is now contended by the appellant that the provision found in
its own charter, that this court may, on appeal from the award of
damages made by the commissioners, increase or diminish the same,
is in violation of the provisions of section 7, article 1 of the Consti-
tution and void, and for that reason the order of the Special Term
should be reversed. The Constitution declares that " when private

property shall be taken for any public use, the compensation to be made therefor, when such compensation is not made by the State, shall be ascertained by a jury, or by not less than three commissioners appointed by a court of record, as shall be prescribed by law." The charter points out the course of procedure to be observed in conducting proceedings for condemning lands for public streets, and provides : In case the lands required cannot be purchased from the owner, then commissioners, not less than three nor more than five in number, shall be appointed by this court or the County Court of Monroe county, on the application of the city authorities, to ascertain the damages which should be allowed the owners for the lands proposed to be taken. The commissioners are required to report their proceedings to the common council in writing, and that body may confirm their report or abandon the proceedings. (Laws of 1880, chap. 14, § 179.) If the report is confirmed by the common council, the landowner, if dissatisfied with the amount of the award, may appeal to this court, and, upon the proceedings had before the commissioners, including the evidence taken by them, this court shall consider the said appeal and examine all the questions of law or of fact that may be involved therein, and shall confirm, annul or modify the said report as the said court shall deem just, or it may direct a rehearing before the same or other commissioners. The commissioners awarded to the respondent, George S. Riley, for the lands taken and owned by him the sum of one dollar, and their report was confirmed by the common council, and he, feeling aggrieved, appealed from the order of confirmation to this court, and the appeal was heard at Special Term, and the amount of the award increased to $1,800, and from that order, the city has appealed.

By the provisions of section 188 of the charter, an aggrieved party may appeal from the order of the Special Term to the General Term, and on such appeal this court has the same powers to review the proceedings as the Special Term possessed under section 187, and the decision of this court is made final and conclusive upon all the parties. We held on the former argument that this court, either at a Special or a General Term, under the provisions of sections 187 and 188, possessed the power to increase or diminish the damages to be awarded to the landowner. It is admitted by all, that the provision of the act conferring on this court the power to determine

the amount of damages which shall be paid the landowner, who may appeal from the award of the commissioners by increasing or diminishing the award, is unconstitutional. It takes from the constitutional tribunal the question of damages and confers it upon this court, which has no jurisdiction over the subject-matter. (*In re Village of Middletown*, 82 N. Y., 196.)

The appellant, in the manner prescribed by the statute, initiated the proceedings, and it cannot object that the provisions of its own charter, now under consideration, is unconstitutional. It has voluntarily invoked the aid of the law, which it now seeks to condemn as unconstitutional, to enable it to acquire title to the respondent's land for a public use, and had unreservedly consented that the proceedings may be conducted to a final determination in the mode and manner pointed out by its charter. In this stage of the proceedings the party instituting the same, cannot make the objection that the act is unconstitutional, for the purpose of securing a reversal of the order of the Special Term, as it has by its action sanctioned its validity, and the court will not listen to an argument from the appellant on that point. The present attitude of the appellant is inconsistent with its action in putting these proceedings in motion, and the objection which he makes should not prevail. The case of the *People* v. *Murray et al.* (5 Hill, 468) supports the position that the appellant cannot, on this appeal, be heard to say that the provision of the charter in question is unconstitutional. In that case the defendants were authorized by an act of the legislature to erect a dam across the Genesee river, and were required to give a bond, conditioned to pay such damages as any person might sustain in consequence of its erection, and that the same might be assessed by a justice of the peace in the manner provided by the act. The plaintiff's damages were assessed by a justice of the peace in conformity to the provisions of the act, and the action was brought on the bond in the name of the people to recover for the benefit of the party whose damages had been assessed by the justice of the peace. One of the defenses interposed and sought to be maintained was that the act was unconstitutional, as it deprived them of the right to trial by jury, and it was held that as the defendants took the grant to build the dam, with the conditions attached to it, they were not at liberty to make the objection that

the law was unconstitutional, although, under other circumstances, it might have prevailed; that it was competent for the defendants to waive the right of a trial according to the common law, even if, without such waiver, they would be considered as entitled to it.

In this case, the appellant accepted the charter as the law of its creation, and in seeking any of the benefits or privileges conferred upon it, it waives all objections that the same is void and inoperative for constitutional reasons. But the complete answer to the appellant's contention is this: That the provisions of the Constitution as to the mode and manner of ascertaining the compensation to be paid for private property when taken for public use, is for the sole benefit of the owner; and the maxim that every person may renounce a benefit or waive a privilege which the law has conferred on him applies as well to constitutional law as any other. (Broom's Legal Maxims, m. p., 547; *Baker* v. *Braman*, 6 Hill, 47.)

The landowner in this case has manifested his consent that the premises in question might be taken for a public street. It does not appear from the record that he has at any time interposed any objection to the proceedings instituted by the city authorities. He has appeared for the single purpose of securing a fair and just compensation for his lands, to be ascertained in the mode and manner pointed out in the appellant's charter. By his appeal to this court, which was heard at Special Term, he waived all objections to the unconstitutionality of the act, and has tacitly consented that this court may review the action of the Special Term and increase or diminish the award of damages as.the judgment of this court may direct. In *Baker* v. *Braman* (6 Hill., 47), a private road had been laid out over the plaintiff's lands by the highway commissioners on the application and for the convenience of the defendant, and the damages has been assessed in the manner pointed out by the statute, and the defendant interposed the defense that the law was unconstitutional and void, and there was no consideration for his implied promise to pay the same, and it was held that the action was well brought as the plaintiff, by bringing the action for the damages assessed, manifested his consent that the road be laid over his lands, and adopted the machinery pointed out by the statute for effectuating the grant or privilege; that the provision of the Constitution was for the benefit of the landowner; and the principle that any person

may renounce the protection which the law bestows upon him applies as well to constitutional law as any other. (See, also, *Embury* v. *Conner*, 3 N. Y., 511; *Conkling* v. *King*, 10 id., 440; *Sherman* v. *McKeon*, 33 id., 274; *Knapp* v. *Town of Newtown*, 1 Hun, 269.) We have examined all the authorities cited by the learned counsel for the appellant and none of them sustain the position that the party instituting the proceedings and seeking to maintain them, can object to the mode of review pointed out by the statute upon which the proceedings were founded. In *Menges* v. *City of Albany* (56 N. Y., 374), the action was by a taxpayer to restrain the city from collecting the tax assessed upon his property for the purpose of paying damages which had been awarded to certain owners of lands taken for a public street. The commissioners to assess the damages were not appointed by a court of record, but were selected by the common council of the city of Albany under the provisions of the enabling act authorizing the proceedings (Laws of 1870, chap. 77), and it was held that the act was void and the constitutional provision had been disregarded; that the appointment of commissioners must not only, in form, be made by the court, but it must be its independent, untrammeled act in the exercise of judicial responsibility; that the plaintiff, as a taxpayer, was in a position to raise the constitutional question.

In *Hilton* v. *Bender* (69 N. Y., 75) the question was as to the validity of a tax sale of lands for the non-payment of taxes assessed for the purpose of paying the expenses of opening a street, including damages awarded to a landowner, and the same question was presented as was considered in *Menges* v. *City of Albany* (*supra*), and that case was cited with approval. In re *The Village of Middletown* (*supra*), also cited by the appellant, the appeal was by the landowner from an order of this court appointing commissioners to appraise the compensation to be made to the owners of lands and water rights to be taken for the purposes mentioned in the enabling acts. (Laws of 1879, chap. 85; Laws of 1866, chap. 347.) The act provided that, on an appeal from the award of the commissioners, the court may increase or diminish the amount of the compensation, and that provision of the act was held to be unconstitutional. And the court also held that, as the commissioners were appointed by a court of record, the constitutional requirement had been complied

with, and that part of the act was not so connected with the unconstitutional provision that the order appointing the commissioners by the court could be declared illegal and void. The question here in dispute was not raised in that case, whether the party initiating the proceedings could raise the constitutional objection.

The landowner's objection that the power bestowed upon the court to increase or diminish the damages was unconstitutional was prematurely raised by him, as he might never be affected by the provision, and, therefore, have no occasion to raise the question of the illegality of that portion of the act.

We have also, since the argument, been cited to *In re City of Buffalo* (78 N. Y., 362), but we fail to discover that any question was decided or principle laid down which is inconsistent with the views which we have expressed. In that case the city of Buffalo adopted proceedings to condemn lands to be used as a public street. They were conducted in pursuance of the provisions of the charter to the award of damages to the landowners by commissioners duly appointed, and the damages assessed upon lands benefited by the improvement. The city authorities then discovered that the initiatory proceedings on the part of the common council had not been in compliance with the provisions of the city charter. They then petitioned the court for leave to discontinue the proceedings, which was opposed by the parties to whom damages had been awarded, and also by those interested in the improvements. The relief asked for was granted, the court holding that it had the power to relieve the city from the dilemma in which it found itself, as taxpayers could raise the objection that the proceedings which resulted in a levy of a tax on their property had not been in compliance with the law, and they could successfully resist the collection of the tax, and the landowner to whom damages had been awarded could not reasonably object to the discontinuance of the proceedings, although they would lose the benefit of the awards, for the reason that the title to the premises would not pass to the city until the damages awarded were paid, therefore they lost nothing in consequence of the discontinuance.

We have reconsidered the questions discussed and decided on the former appeal, and are confirmed in our opinion that the questions then considered were correctly decided, and the order appealed from

should be, in all respects, affirmed, with costs of this appeal to be taxed as in a civil action.

As it does not appear by the record that the common council have ordered an assessment to be made for the purpose of paying the expenses of the improvement, it seems that it may, if that be true, abandon the proceedings of its own motion, and thus avoid the payment of an award which it insists is unreasonable in amount. (See § 179, chap. 14, Laws 1880.)

DWIGHT, J., concurred; MACOMBER, J., not sitting.

Order affirmed, with costs to be taxed as in a civil action.