## WIPPERMAN *v.* HARDY.

### [No. 1,723.   Filed March 9, 1897.]

APPEAL AND ERROR.—*Review of Evidence on Appeal.*—This court will not weigh the evidence ; it is sufficient to sustain the verdict if there was some evidence produced tending to prove every substantive fact found.  *p. 148.*

SPECIAL VERDICT.—*Payment.—Finding Of is an Ultimate Fact.*—A special verdict, in an action on a promissory note, wherein the jury found that the note in suit was fully paid and satisfied before the commencement of the action is the finding of an ultimate fact and not a conclusion of law.  *pp. 148, 149.*

BILLS AND NOTES.—*Payment.—Note Given in Payment of Debt.*—The acceptance by a creditor of the note of a third person in full satisfaction of an existing debt is an extinguishment of the original indebtedness although the note is taken for a less sum than the whole debt.  *p. 150.*

SAME.—*Payment.—Note Given in Payment of Debt.—Burden of Proof.*—To establish the defense of payment of a preexisting debt by the note of a third person, it is necessary for the defendant to prove that the note was given to the creditor and received by him upon the express agreement that it should be in satisfaction of the previous debt, and the burden of proof is upon the defendant setting up such defense.  *p. 150.*

PAYMENT.—*How Applied to Different Existing Obligations.*—The law applies a payment first to a debt with the least security, unless there be peculiar equities calling for a different appropriation, but the law will not sanction the application of a payment made by a third person, at the instance of and for the benefit of another, to an obligation upon which neither such third person nor the debtor for whose benefit the payment was made was liable.  *pp. 150, 151.*

SAME.—*Refusal of Creditor to Apply Payment as Directed by Debtor.*—Where the creditor refuses to apply the payment as directed by the debtor but accepts the payment so made, he must apply such payment as directed.  *p. 151.*

PRINCIPAL AND SURETY.—*Bills and Notes.*—Where a note has been executed by the principal, a party signing it as surety, at a time subsequent to the incurring of the original obligation, without any new or distinct consideration passing therefrom, is not liable.  *p. 152.*

From the Carroll Circuit Court.  *Affirmed.*

*McConnell & Jenkins, L. B. Sims* and *Pollard & Pollard,* for appellant.

*John H. Gould* and *Nelson & Myers,* for appellee.

HENLEY, J.—The appellant, the payee of the promissory note upon which this action was begun, filed his complaint in the lower court against appellee, who was the alleged surety upon the said note.

The complaint in this cause avers that the note in suit was executed by Hugh Hardy, as principal, and David J. Hardy, as surety; that Hugh Hardy, the principal, died before this action was begun; that at the time of his death he was wholly and totally insolvent and left no property or estate, and that long before the death of said Hugh Hardy he was openly and notoriously insolvent, and this action is prosecuted against David J. Hardy, the surety, alone.

The first paragraph of appellee's answer is a general denial.

The second is a plea of payment.

The third alleges a total want of consideration.

The fourth admits the execution of the note, and says that appellee executed the same as surety for Hugh Hardy, now deceased, but he alleges an agreement in substance as follows: That before the commencement of this suit, he, the appellant, procured one David H. Hardy to execute his, David H. Hardy's two promissory notes to the appellant, Henry Wipperman, which said promissory notes were by the appellant accepted in full payment of the note in suit, and other notes on which appellee was surety for Hugh Hardy; that instead of delivering up the note so paid him, the appellant retained the same without the knowledge or consent of the appellee, and another note of the said Hugh Hardy on which this appellee was not surety was given up by the appellant to said

David H. Hardy, and the one in suit was retained by the appellant; that said paragraph of answer stated the agreement in another form as follows: That the agreement between the appellant and the appellee was, that if appellee would procure David H. Hardy to execute his two certain promissory notes for an amount equal to the amount due upon the notes on which he was security for Hugh Hardy, that appellant would accept them in payment and discharge of this note in suit, together with the other note that appellant, Wipperman, then held against him. That he did procure David H. Hardy to execute his two certain promissory notes to the appellant for the full amount that the appellee was indebted to him as surety for Hugh Hardy; but that appellant, Wipperman, neglected and refused to surrender the note in suit, but retains the same, and also retains the notes executed to him by said David H. Hardy, and upon these facts appellee claims the appellant should not recover in this suit.

The substance of the fifth paragraph of appellee's answer is, that on and prior to the 30th day of April, 1892, appellee was indebted to appellant in the sum of $1,500.00 and accrued interest thereon, which said indebtedness was evidenced by two promissory notes, executed by said Hugh Hardy as principal, and appellee as surety; one dated November 3, 1877, for $1,000.00, and the other dated December 10, 1877, for $500.00; that said notes remain unpaid, except the interest due thereon to December 17, 1885; that prior to April 30, 1892, appellee entered into a contract with appellant, that if appellee would procure one David H. Hardy to execute to appellant his two certain promissory notes for the amount due upon the aforesaid notes, executed by Hugh Hardy as principal and appellee as his surety, the appellant, Wipperman,

would accept the same, and release the appellee from all liability on said notes; that, pursuant to said agreement, said David H. Hardy executed his two promissory notes to appellee for the full amount due upon said notes then held by Wipperman against Hugh Hardy and this defendant; and that said Wipperman accepted said notes, but neglected to deliver to said David H. Hardy both of the notes on which appellee was surety, but retained, in violation of said contract, the note now in suit.

The sixth paragraph of answer alleges substantially, that the appellant, Wipperman, prior to April 30, 1892, held the two notes described in the fifth paragraph of answer, *supra*, executed by Hugh Hardy, and on which appellee had written his name as surety; that prior to said date a controversy arose between the appellant and appellee as to whether appellee was liable on said notes as surety for Hugh Hardy; that to save litigation and to secure his release from liability upon said notes, if any there was, it was agreed between appellant and appellee that if appellee would procure David H. Hardy, the son of Hugh Hardy, to execute his promissory notes for the amount due upon said notes of Hugh Hardy, and appellee, given to appellant in 1877, that appellant would accept the same and release appellee from all liability upon said notes. That in accordance with the terms of said agreement the appellee procured David H. Hardy to execute to the appellant his two certain promissory notes for the full amount due upon the aforesaid Hugh Hardy notes.

To these several answers the appellant filed two paragraphs of reply. The first one being a general denial, and to the second a demurrer was filed and sustained by the court.

The cause being at issue, was submitted to a jury and a special verdict returned. The verdict finds, in substance, the following facts:

*First.* That on the 23d day of November, 1877, one Hugh Hardy borrowed and received from appellant $1,000.00, and in consideration therefor, on the same day, the said Hugh Hardy executed and delivered to appellant his promissory note therefor, but that at said time the name of appellee was not on said note.

*Second.* That on the 10th day of December, 1877, Hugh Hardy borrowed and received from the appellant $500.00, and in consideration therefor, on the same day, executed and delivered to appellant his promissory note, but at the time said note was so executed by Hugh Hardy the name of appellee was not on said note.

*Third.* That no part of the consideration of either of said notes ever passed to the benefit of appellee.

*Fourth.* That appellee never received from any one any part of the proceeds of either of said notes.

*Fifth.* That in January, 1878, while appellee was at the home of appellant, at the request of appellant, appellee signed his name to both of the above described notes.

*Sixth.* That no consideration passed from appellant to appellee, nor to said Hugh Hardy [the principal], for the signing of said notes, or either of them, by appellee.

*Seventh.* That said Hugh Hardy never at any time requested appellee to sign either of said notes.

*Eighth.* That appellee never promised or agreed with Hugh Hardy at any time to sign either of said notes.

*Tenth.* That at the time said Hugh Hardy signed

said notes he was worth, in real and personal property, the sum of $18,000.00.

*Eleventh.* That prior to April 30, 1892, a controversy arose between the appellant and appellee as to whether or not appellee was liable upon said notes. That appellant was at the time threatening to bring suit on said notes, which included the one in controversy. That appellant and appellee, for the purpose of avoiding litigation, agreed that if appellee would procure one David H. Hardy [who was a son of Hugh Hardy, the principal on said notes] to sign and deliver his two notes, aggregating the sum of $2,334.32, to appellant, he, appellant, would accept said notes of David H. Hardy and release appellee from any and all liability, real or pretended, by reason of appellee's signing said notes. That appellee did, on and prior to April 30, 1892, induce and procure said David H. Hardy to sign and deliver to the appellant his two promissory notes for the aggregate sum of $2,334.32, but appellant retained in his possession the note in suit.

*Twelfth.* That on the 29th day of December, 1885, Hugh Hardy [who was the principal on the note in suit] had executed to appellant his certain note for $563.00, which was signed by said Hugh Hardy alone. That appellant had said last mentioned note with him at the office of his attorney, on the 30th day of April, 1892, and delivered the same to David H. Hardy, instead of the note in suit, which appellant retained without the knowledge or consent of the appellee.

*Thirteenth and Fourteenth.* That the following endorsement appears on the note in suit, purporting to have been made April 20, 1892: "This note is paid, except the sum of $520.62, which is yet due and unpaid, which is to bear six per cent. interest from this date." That said endorsement was made by appel-

lant's attorney; that appellee did not know of such endorsement until shortly before the commencement of this action, and never agreed to or ratified the same.

*Fifteenth.* That when David H. Hardy executed and delivered to appellant, on the 30th of April, 1892, his two notes for $2,334.32 the appellant surrendered to said David H. Hardy the $1,000.00 note, which appellee had signed, and the $563.00 note, which was signed by Hugh Hardy alone. That appellee believed at the time that appellant had surrendered to David H. Hardy both the notes to which appellee's name was attached.

*Sixteenth.* That the note in suit was paid and satisfied before the commencement of this action.

Upon the verdict, the court rendered judgment in favor of appellee, defendant, in the lower court.

The evidence upon a great many of the material facts found in the verdict is conflicting and unsatisfactory; but it is not the province of this court to weigh the evidence. It is sufficient to sustain the verdict if there was some evidence produced tending to prove every substantive fact found. There was evidence introduced upon the trial of this cause supporting every fact found by the jury.

Counsel for appellant contend that the second paragraph of appellee's answer, which is a plea of payment, is unsupported by the evidence, and that the finding of the jury, numbered sixteen in the special verdict, wherein the jury found that the note in suit was fully paid and satisfied before the beginning of this action, is a finding of a conclusion of law. In examining a special verdict, we recognize it as the settled rule that the special verdict, reasonably and fairly construed, must disclose all the facts essential to sustain the judgment, either by direct finding, or necessary inference. We are not convinced by the able

Wipperman *v*. Hardy.

argument of counsel for appellant that the finding of the jury that the note in suit was fully paid and satisfied before the commencement of this action, is a conclusion of law; but the court holds such finding to be the finding of an ultimate fact, and we are not alone in the opinion, being supported by no less authority that the Supreme Court of this State. In the case of *Braden, Admr.*, v. *Lemmon*, 127 Ind. 9, the Supreme Court says: "The real controversy between the parties relates to the effect of the special finding above referred to, the appellant contending that payment is an ultimate fact to be found by the court, while it is contended by the appellees that payment is a conclusion of law to be deduced from a given state of facts.

"Mr. Thompson, in his work on Trials, vol. 1, section 1253, says: 'There is no rule of law as to what is or as to what is not payment. Payment is simply the doing of what a man has agreed to do. It is, therefore, a pure question of fact; and where a man has agreed to pay, and tenders what he understands to be a performance of his agreement, and the other party accepts, it is a naked question of fact and intent whether it was accepted as performance. In every such case the ultimate point of inquiry does not touch a rule of law, but stops at a conclusion of fact.' As applied to this case we fully concur in what Mr. Thompson says upon this subject. Payment is a question of fact, and not one of law."

In the case above cited, the lower court made a special finding of facts, in which was found evidential facts strongly tending to establish payment, but it wholly failed to find the ultimate fact of payment, and payment was by the court stated as a conclusion of law. For the absence from the finding of facts of a direct finding of the ultimate fact of payment the cause was reversed.

In the cause before us, the jury found the ultimate fact of payment, and in addition thereto evidential facts sufficient to prove payment.

The law is well settled, that the acceptance by a creditor of the note of a third person, in full satisfaction of an existing debt, is an extinguishment of the original indebtedness, and this is true, although the note is taken for a less sum than the whole debt. *Laboyteaux* v. *Swigart*, 103 Ind. 596; *Conkling* v. *King*, 10 N. Y. 440; *Maxwell* v. *Day*, 45 Ind. 509.

To establish the defense of payment of a preexisting debt by the note of a third person, it is necessary for the defendant to prove that the note was given to the creditor and received by him upon the express agreement that it should be in satisfaction of the previous debt, and the burden of proof is upon the defendant setting up such defense.

It was for the jury to say whether the notes were accepted in satisfaction of the debt in suit, and having so found, the court will not disturb such finding upon the mere weight of the testimony. *Gardner* v. *Gorham*, 1 Doug. (Mich.) 507; *Bonnell* v. *Chamberlin*, 26 Conn. 487; *Seltzer* v. *Coleman*, 32 Pa. St. 493.

In this case, the appellant is, in effect, contending that he had a right to apply the note of David H. Hardy to the payment and satisfaction of a note upon which appellee's name did not appear, and to a note upon which the appellee's name did appear as a maker. If this arrangement by which the appellant secured the two notes of David H. Hardy was brought about by the agreement of appellant and appellee, as found by the jury, appellee had a right to say to appellant, if he accepted said notes of David H. Hardy under said agreement, just what debts should be satisfied thereby.

The law applies a payment first to a debt with the

least security, unless there be peculiar equities calling for a different appropriation, but the law would certainly not sanction the application of a payment made by a third person, at the instance of and for the benefit of another, to an obligation upon which neither the person nor the debtor for whose benefit the arrangement had been made was liable. ·

It is also one of the settled rules governing the application of payments that if the matter of the application of the payment is canvassed between the debtor and creditor, and the creditor *refuses to apply the payment as directed by the debtor, but accepts the payment so made*, he must apply it as directed by the debtor.

Under the second paragraph of answer upon the verdict as returned by the jury, the lower court would have erred had it refused to render judgment in favor of appellee.

Counsel for appellee, after discussing the verdict as it applies to the third paragraph of answer, say: "For the purpose of peace and harmony his humble counsel will admit that the finding does not establish the third paragraph of the answer, but the appellant is not injured by it, as the judgment rests upon other and solid grounds."

We cannot hold the statement of appellee's counsel, in regard to the verdict as it affects the third paragraph of appellee's answer, as a confession of error. If it was so intended by counsel they would not be here contending that the judgment be affirmed. Under such circumstances the verdict must speak for itself, and if it did in fact sustain the third paragraph of answer, the judgment, in the absence of reversible error, would be affirmed. A very careful examination of the authorities, and of the verdict as applicable to the third paragraph of appellee's answer, convinces us, assuming that there was evidence to sustain the

finding of the jury, that the lower court would have erred in refusing to find for appellee on the third paragraph of his answer.

We think the facts found, applicable to this paragraph of answer, bring the case squarely within the doctrine announced by this court in the case of *Brant* v. *Barnett*, 10 Ind. App. 653, and *Owens* v. *Tague*, 3 Ind. App. 245, and cases therein cited, wherein the court held, that where a note has been executed by the principal, a party signing it as surety, at a time subsequent to the incurring of the original obligation, without any new or distinct consideration passing therefor, is not liable.

The defendant having established the second paragraph of his answer, that was sufficient upon which to maintain the judgment herein, and it is unnecessary for us to further examine the verdict as supporting other defenses.

We find no error in the record for which the cause should be reversed.

Judgment affirmed.