## HODGES *v.* TRUAX ET AL.

[No. 2,451.   Filed April 1, 1898.]

BILLS AND NOTES. — *Consideration.* — *Defense.* — The fact that the seller charged exorbitant and excessive prices for merchandise for which a promissory note was given will not, in the absence of fraud, constitute a defense to an action on the note.   *pp. 652, 653.*

SAME.—*Agreement to Accept a Less Sum than Amount Due.—Consideration.*—An agreement made by the payee of a promissory note past due to accept a less sum than the amount due thereon is not binding where there was no valid consideration for such agreement.   *p. 653.*

SAME.—*Part Payment.*—Where the payer sent the payee of a promissory note a check for part of the sum due, with the words in the body of the check ''In full of all notes and obligations to date,'' and accompanied same by a letter stating that he made such tender for several reasons, the acceptance of the check acknowledging the receipt thereof on account did not operate as a discharge of the entire debt.   *654–662.*

From the Madison Superior Court.   *Affirmed.*

*Edmund S. Boyer*, for appellant.

*Nicholas Harper*, for appellees.

WILEY, J.—Appellee sued appellant upon a promissory note dated June 25th, 1892, due six months from date, with seven per cent. interest, the face value of the note being $293.07.   Appellant answered in four paragraphs as follows:  (1)  General denial; (2) Payment; (3) Accord and satisfaction, in which it was averred that the note in suit was given for certain goods and merchandise purchased by appellant from appellee, and for which appellee charged him "exorbitant, excessive, and unreasonable" prices, and more than he could have purchased said goods elsewhere; that appellant did not discover this fact till after the execution of said note, when he called the attention of appellee thereto, and refused to pay said note, and declared his intention to contest the consideration

thereof, and to avoid litigation, it was mutually agreed that if appellant would pay $150.00 in addition to what he had paid, appellee would accept the same in full satisfaction of the amount due on the note; that in pursuance to said agreement, appellant did pay appellee $150.00, January 8, 1896, which appellee accepted in full satisfaction thereof; and (4) that on the 8th day of January, 1896, appellant executed and gave to appellee his bank check for the sum of $150.00, and which it was mutually agreed was executed and accepted in full satisfaction of all notes and obligations to said date, and specially in full satisfaction of the note sued on.

This fourth paragraph of answer is accompanied by an exhibit of the check, and in the body of the check are these words: "In full of all notes and obligations to date."

The appellee demurred to the second, third, and fourth paragraphs of answer, which demurrer was sustained to the third and overruled as to the second and fourth. Appellee replied to the second and fourth paragraphs by general denial. Upon these issues the case was tried by the court, and at the request of appellant, the court made a special finding of facts, and stated its conclusions of law thereon. Judgment followed in favor of appellee, for the balance found to be due on the note. Appellant, at the proper time, excepted to the ruling of the court in sustaining the demurrer to the third paragraph of the answer, and to each conclusion of law. The errors assigned are: (1) Sustaining the demurrer to the third paragraph of answer, and (2) that the court erred in its conclusions of law.

In our judgment, the third paragraph of answer did not state facts sufficient to constitute a defense to appellee's cause of action. Appellant purchased of ap-

pellee certain merchandise and wares, and agreed to pay therefor the price charged, as evidence by the note. He thus received what he bargained for and agreed to pay the price charged. The fact that appellee charged "exorbitant, excessive, and unreasonable" prices, in the absence of fraud, would not constitute any defense to the action on the note. No pretense is made that appellee perpetrated upon appellant a fraud in selling to him the goods purchased, and at the prices charged. There is no averment in the answer that appellee made any attempt to ascertain the value of the goods, and so far as the averments go, he could have learned the true market value, if there was such, but having relied upon appellee, he is, in the absence of fraud, bound thereby.

The demurrer admits that appellee agreed to accept $150.00 in full satisfaction of the note sued upon, but such agreement is not binding upon it, if it was not based upon a new and sufficient consideration.

Here there is no dispute as to the amount due; the note was for a fixed and definite sum; it bore interest at a fixed per cent., and it became a mere question of arithmetical calculation. The note sued upon was due, and under these facts, an agreement to accept a sum less than the amount due, in the absence of a valid consideration, was not binding. *American Ins. Co.* v. *Sweetser*, 116 Ind. 370; *Miller* v. *Eldridge*, 126 Ind. 461; *Pottlitzer* v. *Wesson*, 8 Ind. App. 481; *Chambers* v. *Niagara Fire Ins. Co.*, 58 N. J. L. 216, 33 Atl. 283; *Morrill* v. *Baggott*, 157 Ill. 240, 41 N. E. 639; *Morrill* v. *Baggott*, 57 Ill. App. 530; *Fletcher* v. *Wurgler*, 97 Ind. 223; *McIntosh* v. *Johnson* (Neb.), 70 N. W. 522.

There was no error in sustaining the demurrer to the third paragraph of appellant's answer. To determine whether or not the court erred in its conclusions

of law, we must look to the facts, as stated in the special findings.

The facts found, as briefly as we can state them, are as follows:

That on June 25, 1892, appellant executed the note in suit; that it bore interest at seven per cent., and became due six months from date; that April 12, 1895, appellee paid on note $15.00, which was credited thereon; that January 8, 1896, appellant executed and forwarded to appellee, payable to its order, his personal check for $150.00; that said check was drawn on the National Exchange Bank at Anderson, Indiana; that in the body of said check were the following words: "In full of all notes and obligations to date;" said check was sent appellee by mail, accompanied by a letter in which appellant said: "For several reasons I make you this tender. In the first place I have gone through bankruptcy, or worse, since this obligation was incurred, but have not nor will I take advantage of the fact;" and again: "I want to get out of debt and can raise this much money and no more;" that on January 9, 1896, appellee credited said sum on the note; that on January 13, 1896, appellee sent by mail to appellant, a receipt for $150.00, but did not state in the receipt what it was for, the receipt being dated January 9; appellee indorsed the check for collection; it was returned to the bank on which it was drawn, January 11, and on that day paid; that in the letter written by appellee to appellant, accompanying the receipt, there was an acknowledgment of the receipt of the check, "on account;" that appellee retained possession of the note sued upon after said payment; that the attention of appellee was not called to the statement in said check, other than by the check itself and the letter accompanying it; that after said payment

of $150.00, no correspondence passed between appellant and appellee and no personal negotiations were carried on between them with reference to the matters in controversy; that appellant resided in Anderson, Indiana, and that appellee is a corporation, in Chicago, Illinois.  Upon these facts, the court stated its conclusions of law that appellant was indebted to appellee in the sum of $216.30 as principal and interest, and that appellee was entitled to recover of appellant said sum.

Upon a state of facts as here disclosed, the sole question for our determination is: "Did appellee's acceptance of the check for $150.00, with its accompanying condition that it was 'in full of all notes and obligations to date,' operate as a payment in full of the note sued on?"

Upon this proposition, the authorities are not in full accord and harmony, and to the end that we may arrive at a conclusion supported by the greater weight of authority, and correct principle; we shall cite and review some of the leading cases bearing upon it.

The rule at common law was that the payment of a less sum at the time and place where a greater liquidated and undisputed sum was due, was not a satisfaction of the greater sum, even though accepted as such, because there was no consideration for giving up the rest.  1 Am. and Eng. Ency. of Law (2nd ed.), p. 413, and cases there cited.

Appellant contends however that there are numerous exceptions to this rule.  As where the creditor accepts of the debtor a negotiable instrument, in payment, though such instrument be for a less amount than the debt, such payment and acceptance discharges the orginal debt.  1 Am. and Eng. Ency. of Law (2nd ed.) 416.  *Rockwell* v. *Taylor*, 41 Conn. 55; *Goddard* v. *O'Brien*, 9 Q. B. Div. 37; Clark on Con-

tracts, p. 191; *Fuller* v. *Kemp*, 138 N. Y. 231, 20 L. R. A. note on p. 791, 33 N. E. 1034.

In *Fensler* v. *Prather*, 43 Ind. 122, it was held that a negotiable security for a smaller amount given and accepted in satisfaction of a larger debt, operated effectually in discharge of it.

In *Wells* v. *Morrison*, 91 Ind. 51, it was held that "where the less sum is paid by a check or other instrument negotiable by the law merchant it may operate as a discharge of the entire indebtedness."

The acceptance of the note of a third person in satisfaction of a debt, extinguishes such debt, though the note given is for a less sum. *Wipperman* v. *Hardy*, 17 Ind. App. 142, and cases there cited.

In Pennsylvania it was held that where the debtor delivered to the creditor a check for services rendered, reciting in the check that it was "in full of all demands," the creditor accepting and retaining the check, it was held that it was not a satisfaction of the creditor's demand for wages, etc. *Krauser* v. *McCurdy*, 174 Pa. St. 174, 34 Atl. 518.

The appellate court of Illinois held that where a debtor sent a draft to his creditor covering the undisputed part of a claim, with the suggestion that it be accepted in full settlement, and with the statement, "for, if returned to us, we shall not trouble to send to you again," such creditor could apply the draft on the indebtedness, and sue for the balance alleged to be due. *De Kalb Implement Works* v. *White & Co.,* 59 Ill, App. 171.

The same court held that where the amount of the debt is fixed and certain, the payment of a lesser sum is not a satisfaction of the whole, unless there is a release under seal. *Flaningham* v. *Hogue,* 59 Ill. App. 315.

The supreme court of Minnesota, in a very recent

case held that the payment of a part of a debt, will in no case discharge the whole, without an agreement to release the balance, and an acceptance of the payment as an accord and satisfaction. *Marion* v. *Heimbach*, 62 Minn. 214, 64 N. W. 386.

In New York a debtor made a remittance to his creditor in which it was stated that it was "in full payment of an account to date," and subsequently directed the creditor to return it immediately or retain it in full payment of the account. Under these facts it was held that if the creditor retained it, such retention constituted an accord and satisfaction. *Freiberg* v. *Moffett*, 36 N. Y. Supp. 95, 91 Hun, 17.

Where there was a controversy between creditor and debtor as to the amount due, the debtor sent the creditor a check, and in the letter of remittance, stated that it was sent "in full settlement of all demands. If this is refused by you, we shall make tender in the legal way." It was held that the acceptance and collection of the check operated as a full satisfaction of the creditor's claim. *Connecticut River Lumber Co.* v. *Brown*, 68 Vt. 239, 35 Atl. 56. See, also, *Griffith* v. *Creighton*, 61 Mo. App. 1; *Eames Vacuum Brake Co.* v. *Prosser*, 88 Hun, 343, 34 N. Y. Supp. 398.

Where one of two or more judgment debtors pays a part of the judgment under an agreement with the judgment creditor to hold such payer harmless, as against the judgment, such payment, agreement and acceptance do not constitute accord and satisfaction, and will not release the payer, against the whole judgment. *Fletcher* v. *Wurgler*, 97 Ind. 223.

In a recent case the supreme court of Nebraska held that the payment of a part only of a liquidated past due debt in full settlement, is not good as an accord

VOL. 19—42

and satisfaction. *McIntosh* v. *Johnson* (Neb.), 70 N. W. 522.

A debtor sent his creditor a check, accompanied by a letter stating that it was "in full settlement of account to date." Accompanying the check also was a statement of the account as claimed by the debtor. The creditor accepted and applied the check, notified the debtor that it had been received and placed to his credit, but it was not accepted as a final payment. It was held that these facts constituted complete accord and satisfaction. *Logan* v. *Davidson*, 45 N. Y. Supp. 961, 18 App. Div. 353.

Where a party had been employed as a traveling salesman at a salary of $1,200 per annum, the employer became dissatisfied with him, sent him a check for $400.00 in payment of the last half of the salary before the expiration of the year, with instructions to return it if not satisfactory. The employe retained the check, collected the money upon it, and assigned the residue of the salary to a third person, who brought suit for its recovery. It was held that the action could not be maintained, as the retention of the money by the employe was an acceptance of the employer's proposition, and operated as a complete satisfaction of the claim. *Hutton* v. *Stoddart*, 83 Ind. 539.

There is a line of cases holding that where an accord is made upon the condition it is to be taken in full of all demands, the party to whom it was made has no alternative but to refuse it or accept it upon such condition, and if he takes it, no protest or declaration made by him at the time can affect the case. *Bull* v. *Bull*, 43 Conn. 455; *Deutmann* v. *Kilpatrick*, 46 Mo. App. 624; *Preston* v. *Grant*, 43 Vt. 201; *Hills* v. *Sommer*, 53 Hun, 392; *Fuller* v. *Kemp*, 138 N. Y. 231, 33 N. E. 1034; *Nassoiy* v. *Tomlinson*, 148 N. Y. 326, 42 N. E. 715.

We have examined these cases, and the decision in each case rests upon the theory of the payment of a disputed, or unliquidated claim.  The last case cited was where Nassoiy acting as an agent negotiated the sale of real estate for $30,000.00, and claimed a commission of $1,500.00.  The estate whose land he sold, through its representative sent him a check for $300.00 in payment, with a receipt in full to sign and return.  In response to this Nassoiy wrote:  "I don't know what you mean by sending me a check for $300.00.  I want my five per cent. commission on $30,000.00."  To this letter no reply was made, although one was requested.  Afterwards he called on the representative of the estate, demanded payment of the balance of the commission, and was informed that no further compensation would be paid.  He retained the check for about seven months, when he indorsed it, and received the money on it, and sent a receipt for $300.00, as "part payment for commission."  To this the representative of the estate replied that he "should consider this payment in full of all commissions."

The whole case shows that Nassoiy was claiming $1,500.00 as commission, and the estate contended that it owed him only $300.00.  Upon these facts the court said:

"He [Nassoiy] could not accept the benefit and reject the condition, for if he accepted at all it was *cum onere*.  When he indorsed and collected the check referred to in the letter asking him to sign the inclosed receipt in full, it was the same, in legal effect, as if he had signed and returned the receipt, because acceptance of the check was a conclusive election to be bound by the condition upon which the check was offered.  The use of the check was *ipso facto* an acceptance of the condition.  The minds of

the parties then met so as to constitute an accord, and, as was said by this court, in *Fuller* v. *Kemp*, 138 N. Y. 231, 'the acceptance of the money involved the acceptance of the condition, and the law will not permit any other inference from the transaction.'" In *Fuller* v. *Kemp*, *supra*, it was said: "Where a debtor offers a certain sum of money in full satisfaction of an unliquidated demand, and the creditor accepts and retains the money, his claim is canceled, and no protest, declaration, or denial on his part, so long as the condition is insisted upon by the debtor, can vary the result."

In the case of *Duluth Chamber of Commerce* v. *Knowlton*, 42 Minn. 229, 44 N. W. 2, it was held that the mere retention by a creditor of money to which he is entitled absolutely, will not amount to an accord and satisfaction, although tendered and transmitted to him as payment in full. See, also, *People* v. *Westchester Co.*, 40 Hun, 353; *Tompkins* v. *Hill*, 145 Mass. 379, 14 N. E. 177. And these cases hold that the rule announced is not applicable if the claim is unliquidated. *Donohue* v. *Woodbury*, 6 Cush. 148.

The case of *Pottlitzer* v. *Wesson*, 8 Ind. App. 472, is an instructive one upon the proposition we are now considering. There appellants gave an order for bananas as follows:

"Ship Pottlitzer Bros., Fort Wayne, and Pottlitzer Bros., LaFayette, car each of straight run bananas out of steamer 'Hewes,' at $1.50 per bunch." On arrival of the car at Ft. Wayne, May 17 or 18, 1891, appellants inspected the bananas and wired appellees that they would not accept them as "straight run," to which appellees at once replied by wire and by letter that they were "straight run," and they must accept them as such. After this appellants took the bananas into their possession and sold them. On

Hodges *v.* Truax *et al.*

June 18, 1892, appellants sent appellees their check for $550.70, and refused to pay the balance of the $825.00 claimed, and in the letter of remittance said: "Enclosed you will find our check * * * in settlement for car of bananas shipped here and held here subject to your order, which we have sold for your account."

Accompanying the letter and check was an invoice showing 550 bunches of bananas, and stating that they enclosed check for $550.70, "net proceeds of same. We trust the same will prove satisfactory and to hear from you again," etc. On receipt of this check appellees wrote appellants that it had been received and placed to their credit, and that they had placed the claim for the bananas in the hands of a collection agency, whose attorney would see them about paying balance. To this letter appellants did not reply.

It was held that these facts did not constitute accord and satisfaction, and that appellees could recover the balance due.

While the question is not squarely decided in the last cited case we are of the opinion that the claim appellees had against appellants was liquidated.

There was no question as to the price per bunch to be paid for the bananas, and the number of bunches. Appellants claimed they were not "straight run," as provided by the contract and at first refused to accept them as such. Appellees assured them they were "straight run," and that they must accept them as such. Upon this statement appellants did accept them and put them on the market and sold them. This acceptance made them liable for the contract price as for "straight run" bananas, and hence the claim was liquidated.

The case before us is in line with *Pottlitzer v. Wesson, supra,* and the doctrine declared there is in harmony with the great weight of authority.

Appellant did not say to appellee, when he sent the check, to return it if not accepted in full.   In the letter enclosing the check, he said: "For several reasons I make you this tender.   In the first place I have gone through bankruptcy, or worse, since this obligation was incurred, but have not, nor will I take advantage of the fact."   *   *   *   "I want to get out of debt, and can raise this money and no more."

It is plain from the findings that appellees did not accept the amount of the check in full payment, for it sent appellant a receipt for the amount, without showing upon what account, or under what conditions it was paid.

There was no error in the conclusions of law, and the judgment is affirmed.