## LITTLE v. KOERNER ET AL.

[No. 3,503. Filed April 9, 1902.]

ACCORD AND SATISFACTION.—*Compromise and Settlement.—Judgments. —Accounts.—Payment.*—A settlement whereby the creditor accepted part payment of a note and judgment in satisfaction of the whole debt is valid, where there was also an open, unadjusted account between the parties included in the settlement.   *pp. 625–627.*

ESTOPPEL.—*Judgments.—Equitable Assignment.*—Where a judgment was compromised and settled by the original parties, one claiming to be the equitable owner cannot enforce the collection thereof, where he stated to a partner of one of the judgment debtors, prior to the settlement, that the judgment debtors owed him nothing, and the judgment debtors had no notice of his claim of ownership at the time of the settlement.   *pp. 627–629.*

From Vanderburg Superior Court; *J. H. Foster*, Judge.

Motion by Samuel W. Little, assignee of a judgment against Charles A. Koerner and others, for leave to issue execution thereon more than ten years after its rendition. From a judgment denying the motion, plaintiff appeals. *Affirmed.*

*A. Gilchrist* and *C. A. DeBruler*, for appellant.
*J. W. Spencer* and *J. R. Brill*, for appellees.

COMSTOCK, C. J.—Appellant made a motion in writing in the court below, under §687 Burns 1901, for leave to

issue execution on a judgment entered more than ten years before the making of the motion, alleging that the judgment was unpaid. The defendant William C. Kuehn was defaulted. Defendants Charles A. and Gustave Koerner answered in two paragraphs; the first a general denial. In the second they averred that the judgment had been paid in the following manner: "That on the 9th day of April, 1891, these defendants, by their attorney, Charles L. Roberts, had a complete settlement of all claims, notes, judgments, demands, disputed and undisputed accounts held by Charles Schulte against them, and that in consideration of the check of Mr. Roberts on the First National Bank of Evansville, which was accepted and cashed by Schulte, Schulte then released the judgment, and that Schulte then gave to the defendants a receipt in full for all judgments and other claims held by the firm of Rietman & Schulte of which Charles Schulte was a member." The receipt was set out as an exhibit, and is as follows: "$79.75. For and in consideration of a check for the sum of $79.75 on the First National Bank of Evansville, Vanderburgh county, Indiana, we hereby release all claims, notes, judgments, demands and accounts due us, or either of us, from the old firm of Koerner, Kuehn & Koerner, and this shall be a receipt in full for the same, said check having been given us by Charles L. Roberts, attorney for Charles A. Koerner and Gustave A. Koerner, formerly members of said firm. (Signed) Rietman & Schulte." The averment was that Schulte was a member of this firm, and that the judgment on which the motion was made was, at the date of the receipt, a judgment held by Schulte and was considered and embraced in the receipt. At this time it was averred that the two Koerners were wholly insolvent, and that Schulte then orally transferred the judgment to the two Koerners. The reply to this paragraph of the answer was that at the date of the receipt set out in the answer the defendants owed Rietman & Schulte on a note $79.75 and several years' interest on

it. They paid the principal of this note to Rietman & Schulte, and only the principal, by the check of their attorney which was worth no more than $79.50, and thereupon Schulte executed the receipt. That Schulte did not then own the judgment, but that Samuel W. Little then owned it, and has always since owned it. The judgment has never since been paid or satisfied, except as it was attempted to be done by the receipt. The motion was overruled. The errors assigned are that the court erred in overruling the motion for execution and the motion for a new trial.

The general rule is that payment of a part of a debt is not a satisfaction of the whole debt, though the creditor agrees to receive a part in satisfaction of the whole. 2 Parson Cont. 618, 619. To this rule there are exceptions, viz.: Where the claim is unliquidated or unadjusted; where payment is made before it is due; where new security is given; where there is a composition with creditors. A negotiable security for a smaller amount given and accepted in satisfaction of a larger debt will operate effectually in discharge of it. *Fensler* v. *Prather,* 43 Ind. 119, 122.

It appears from the evidence that the judgment in suit is unpaid. It clearly appears, too, that there was an attempt by and it was the intention of the parties to discharge an indebtedness by the payment of a less sum than was due. If there is evidence fairly tending to bring the case within either of the exceptions the judgment must be affirmed.

The Koerners had formed a new ·partnership with one Bailey. Gustave Koerner, as well as Bailey, desired to get rid of the debts of the old firm of Koerner, Kuehn & Koerner. With this in view, one C. L. Roberts called upon Charles Schulte for the express purpose of getting a settlement of the judgment in question with other amounts owing by them. Roberts testified that in behalf of Charles and Gustave Koerner he called on Charles Schulte on two occasions in April, 1891, in reference to the judgment in question and other matters between the Koerners and Schulte.

At that time he knew nothing of the note for $79.75. His business was in regard to the judgment and other unsettled matters. "I told him my object in coming to see him was to see whether or not any arrangement could be made in which these claims could be settled. He talked about the judgment and then he spoke about this note. It was a note that had been executed by one Shubill and indorsed by them. He then spoke about some unsettled claims between the firm and the Koerners. I told him that the object was to have a full and complete settlement of everything, including that judgment. * * * I remembered there was a debt owing to these parties as well as what they were owing to Schulte. I asked him to give me a proposition to settle everything. He gave me that proposition and said if they would pay $79.75 he would give a full receipt for everything, including the judgment between him and the Koerners. I communicated these facts to Koerner on the 5th, and on the 9th it was consummated. I told him when it was made that 'I would send the proposition to the Koerners and if it was accepted would give him a check for the money.' * * * I consulted with the partners and they accepted the proposition. * * * I read the receipt over to Mr. Schulte and said this is a full and complete settlement for all claims as far as the firm is concerned, and he said certainly. * * * He spoke about having the judgment satisfied and I told him that it was not the wish to have it satisfied for the reason that they were paying this note and they wanted the judgment to stand open so that they could get something out of Shubill. My recollection is that they were owing the Koerners for work and there were perhaps some other accounts, but I don't remember that he spoke about that. He was indebted to them in a transaction, probably about a house or something. The amounts were not fixed and adjusted and the proposition was made that I spoke of."

The check was drawn by Roberts on the First National Bank of Evansville, Indiana, was negotiable, and was paid the same day it was executed. There is evidence fairly tending to show that there was an open unadjusted account between the parties included in the settlement. These facts bring the case within the exceptions to the general rule. See *Hodges* v. *Truax,* 19 Ind. App. 651, and authorities cited.

Appellant claims that at the time of the settlement he was the equitable owner of and at the commencement of these proceedings the legal owner of the judgment. The evidence shows that prior to the settlement he had stated to Bailey, the partner of Gustave Koerner, that the Koerners owed him nothing. They had no notice that he had or claimed any interest in the judgment.

The judgment is affirmed.