NOVEMBER TERM, 1913. 625

American Seeding Mach. Co. v. Baker—55 Ind. App. 625.

## AMERICAN SEEDING MACHINE COMPANY ET AL v. BAKER ET AL.

[No. 8,777. Filed March 12, 1914.]

1. ACCORD AND SATISFACTION.—*Part Payment.*—Generally, the pay-
. ment of less than the full amount of a past due and liquidated
claim under an agreement to accept such amount in full payment
of the debt only operates as a discharge of the debt *pro tanto*, in
the absence of some other consideration. p. 627.

2. ACCORD AND SATISFACTION.—*Part Payment.*—*Check.*—A negotia-
ble security for a smaller amount given and accepted in satisfac-
tion of a larger debt will operate effectually in discharge of it;
hence a bank check. being of the same negotiable character as an
inland bill of exchange, when given and accepted in a less amount
as payment o. a liquidated claim, will operate as a discharge of
the debt in full. p. 627.

From Wabash Circuit Court; *A. H. Plummer,* Judge.

Action by Alvin H. Baker and another against the Ameri-
can Seeding Machine Company and another. From a judg-
ment for plaintiffs, the defendants appeal. *Affirmed.*

*D. F. Brooks,* for appellants.

*Fred I. King* and *W. H. Adams,* for appellees.

FELT, J.—Suit by appellees to enjoin the levying of an
execution issued on a judgment against them in favor of
appellant, American Seeding Machine Company. A de-
murrer to the complaint for want of facts was overruled.
Appellants "failing and refusing to plead further", judg-
ment was rendered for appellees on their complaint in sub-
stance as follows: that the judgment recovered by the
company against plaintiffs has been long since fully paid
and discharged; that defendants be and they are "hereby
restrained and enjoined from collecting or attempting to
collect said judgment."

It appears from the amended complaint that on April —,
1907, appellant company recovered a judgment against the
appellees in the circuit court of Wabash County, Indiana,

for the sum of $160.44, which is duly entered of record, "and thereon appears to be wholly unpaid, unsatisfied and unappealed from and appears to be a valid and subsisting judgment; that on the 23rd day of May, 1911, execution was issued thereon and delivered to" appellant, Freeman, sheriff of Wabash County and was by him levied upon the property of plaintiffs, situated in that county; that defendants are threatening to and will advertise plaintiffs' property and will sell the same unless enjoined from so doing; that the judgment was rendered against plaintiffs by default; that at different times after the judgment was rendered, executions thereon were issued and delivered to the sheriff; that at said times plaintiffs were indebted to divers persons, in various amounts and were insolvent and unable to pay their indebtedness in full; that about June 13, 1907, plaintiffs entered into negotiations with defendant company for settlement of said judgment; that the company was informed of plaintiff's financial condition and knew they were unable to pay their debts; that as a result of the negotiations, the company, in consideration of the agreement of plaintiffs to pay the costs of the suit and the agreement of appellee, Alvin H. Baker, to execute a check to the company for the sum of $34.06, in addition to the amount of the costs, agreed to cancel and satisfy the judgment in full and therefor accepted a check executed by appellee, A. H. Baker, in the sum of $40.86, dated June 13, 1907, and drawn on the Wabash National Bank of Wabash, Indiana, which check bore on the face thereof the words "In full payment of the American Seeding Company"; that the company accepted the check in full payment of said judgment and in lieu of said judgment, and in full and complete satisfaction thereof and by its attorneys executed to plaintiffs a receipt in full payment and satisfaction of said judgment and costs and paid the costs in full; that in consideration of the execution of the check the company agreed to satisfy the judgment of

record; that since June 13, 1907, nothing has been due the company on the judgment. Prayer for a temporary restraining order and for a permanent injunction.

The only error assigned is the ruling on the demurrer. On behalf of appellants, it is contended that payment of less than the full amount of a past due and liquidated claim, under an agreement to accept such amount in full payment of the debt, only operates as a discharge of the debt, *pro tanto*, and will not operate as a discharge of the debt in full, in the absence of some other consideration to support the agreement to accept less than the full amount of the debt. Appellee concedes the general rule, but contends that the case at bar falls within one of the numerous exceptions to the rule; that one of the exceptions is the giving and acceptance of a negotiable instrument for an amount less than the debt under an agreement that it shall satisfy the debt in full. In the case of *Wells* v. *Morrison* (1883), 91 Ind. 51, 62, the court considered such payment by a check identical in form with the one here under consideration, and said: "Such a check must be viewed as an inland bill of exchange. *Glenn* v. *Noble* [1820], 1 Blackf. 104. In its quality of negotiability under the law merchant, it exactly resembles a bill of exchange. Byles, Bills 13; Chitty, Bills (10th Am. ed.) 511. It is one of the exceptions to the general rule laid down by the court in its instruction No. 5, that where the less sum is paid by a check, or other instrument negotiable by the law merchant, it may operate as a discharge of the entire indebtedness. * * * 'A negotiable security for a smaller amount given and accepted in satisfaction of a larger debt will operate effectually in discharge of it.'" In *Little* v. *Koerner* (1902), 28 Ind. App. 625, 627, 63 N. E. 766, this court said: "The general rule is that payment of a part of a debt is not a satisfaction of the full amount, though the creditor agrees to receive a part in satisfaction of the whole. 2 Parsons, Contracts 618, 619. To this rule there are excep-

tions, viz., where the claim is unliquidated or unadjusted; where payment is made before it is due; where new security is given; where there is a composition with creditors. A negotiable security for a smaller amount given and accepted in satisfaction of a larger debt will operate effectually in discharge of it."

The exception to the general rule, where a negotiable instrument is given and accepted as payment of a liquidated claim, is recognized in other decisions of our courts. *Fensler* v. *Prather* (1873), 43 Ind. 119, 122; *Fletcher* v. *Wurgler* (1884), 97 Ind. 223, 226; *Wipperman* v. *Hardy* (1897), 17 Ind. App. 142, 150, 46 N. E. 537; *Hodges* v. *Truax* (1898), 19 Ind. App. 651, 656, 49 N. E. 1079; *Pottlitzer* v. *Wesson* (1893), 8 Ind. App. 472, 35 N. E. 1030. The last two cases cited are among those relied upon by appellants. On the facts of those cases, they seem to have been correctly decided, but some expressions therein made, seem to support appellants' contention. This is especially true of *Hodges* v. *Truax, supra.* In that case the ruling on the demurrer to the third paragraph is considered and determined under the general rule above stated but it does not appear from the opinion that the court in doing so considered the effect of the giving and acceptance of a regular bank check in payment of the amount alleged to have been agreed upon and paid in satisfaction of a note for a larger amount. The court said: "Appellant did not say to appellee when he sent the check, to return if not accepted in full   *   *   * .  It is plain from the findings that appellee did not accept the amount of the check in full payment, for it sent appellant a receipt for the amount without showing upon what account, or under what conditions it was paid." What the court decides is that the facts of that case bring it within the general rule. The court, however, recognizes the fact that under different circumstances, showing an accord and satisfaction, an agreement to accept a negotiable instrument in payment, though for a sum less than the full amount, would be binding upon the

parties after the acceptance of such instrument. In *Fletcher* v. *Wurgler, supra,* the court in speaking of the rule that where a liquidated debt is due, the receipt of a sum less than the whole amount, on an agreement that the sum received shall operate as a discharge of the whole debt, is not a good accord and satisfaction, said: "The ground upon which this rule of law, which is not particularly favored by the courts, rests, is that such an agreement is without consideration."

Some states have abrogated the rule by statute, and in some jurisdictions the courts have held that where the contract was fairly made and executed, payment of less than the full amount under an agreement that it shall satisfy the whole debt, will be upheld on the ground that where a party voluntarily surrenders his whole claim, on payment of a part and gets all he bargains for, the settlement will be upheld as a good accord and satisfaction. In most of the other states the courts have recognized and enforced numerous exceptions to the general rule, thereby greatly limiting its application, though still recognizing the rule. As showing the view of the question generally taken by the courts and giving its history, we cite the following: *Clayton* v. *Clark* (1896), 74 Miss. 499, 21 South. 565, 22 South. 189, 37 L. R. A. 771, 60 Am. St. 521; *Dreyfus* v. *Roberts* (1905), 75 Ark. 354, 87 S. W. 641, 69 L. R. A. 823, 112 Am. St. 67, 5 Ann. Cas. 521; *Frye* v. *Hubbell* (1907), 74 N. H. 358, 68 Atl. 325, 17 L. R. A. (N. S.) 1197; *Melroy* v. *Kemmerrer* (1907), 11 L. R. A. (N. S.) 1018, notes; *Haydock Carriage Co.* v. *Zeigler* (1908), 21 L. R. A. (N. S.) 1005, notes; *Fuller* v. *Kemp* (1819), 138 N. Y. 231, 20 L. R. A. 785, notes.

The court did not err in overruling the demurrer to the complaint.

Judgment affirmed.

NOTE.—Reported in 104 N. E. 524. As to accord and satisfaction, see 100 Am. St. 420. On the question of accord and satisfaction by part payment, see 20 L. R. A. 785; 6 L. Ed. U. S. 159; 9 L. Ed. U. S. 1047; 10 L. Ed. U. S. 1046; 26 L. Ed. U. S. 1186. As to accept-

ance of remittance of part of the amount of an unliquidated or disputed claim, accompanied with the statement that it is "in full," or words of similar import, as assent to its receipt in full payment, see 14 L. R. A. (N. S.) 443; 27 L. R. A. (N. S.) 439. See, also, under (1) 1 Cyc. 320; (2) 1 Cyc. 328.